UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN MORGAN,

                              Plaintiff,

    v.                                                9:22-CV-0147
                                                          (BKS/CFH)

CHERYL PARMITER, et al.,

                              Defendants.

---

APPEARANCES:

BRIAN MORGAN
17-A-1051
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I.  INTRODUCTION

The Clerk has sent to the Court for review a pro se civil rights complaint filed by plaintiff Brian Morgan ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  Plaintiff, who is presently confined at Auburn Correctional Facility ("Auburn C.F."), paid the full filing fee of $402.00.

### II.  SUFFICIENCY OF THE COMPLAINT

    **A.  Standard of Review**

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B.  Summary of the Complaint

The following facts are set forth as alleged by plaintiff in his complaint.

On February 4, 2022 and February 5, 2022, defendants Correctional Officers Brown ("Brown") and Brooks ("Brooks') "decided to flout strong public policy" and interacted with Plaintiff, unmasked, during recreation at Auburn C.F.  Compl. at 4.  On February 8, 2022, defendant Correctional Officer Ryan Joseph Hutchings ("Hutchings") "decided to flout strong public policy" and interacted with Plaintiff, unmasked, during visitation.  *Id*. at 5.

Plaintiff alleges defendant Cheryl Parmiter ("Parmiter"), the Director of the Inmate Grievance Program, is responsible for "establishing a pattern and practice of circumventing clearly established policy that governs DOCCS' Inmate Grievance Program" rendering the program "unavailable."  Compl. at  4.

Plaintiff claims he suffered "unnecessary mental anguish and emotional distress from fear of contracting COVID[.]" Compl. at 5.

Construed liberally,[1] the complaint contains First Amendment constitutional claims

---

[1] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124,
(continued...)

related to DOCCS' grievance procedures and Eighth Amendment claims.  *See generally*, Compl.  Plaintiff seeks monetary damages and injunctive relief.  *Id*. at 7.

### C. Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

## III. ANALYSIS

### A. First Amendment Claim

Plaintiff's constitutional claims related to the availability of the inmate grievance procedures at Auburn C.F. are not cognizable.  Although prisoners undoubtedly retain a First Amendment right to meaningfully access the courts and petition the government for redress, *see, e.g., Bounds v. Smith*, 430 U.S. 817, 824 (1977), the Constitution does not mandate that prisoners be provided access to a grievance procedure during their incarceration.  *See Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001)

---

[1](...continued)
130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

(dismissing the amended complaint where the plaintiff alleged that the defendant "failed to process" his grievance because such allegations do not give rise to a constitutional claim). Likewise, plaintiff has no constitutional right to a particular grievance outcome. *See Torres v. Mazzuca*, 246 F.Supp.2d 334, 342 (S.D.N.Y. Feb. 25, 2003) ("[The plaintiff] does not have a protected liberty interest in having his grievances investigated at the level of thoroughness that he desires, and therefore he [cannot] assert a due process claim as to such failures."); *see also Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 9 (1979) ("There is a crucial distinction between being deprived of a liberty one has. . . and being denied a . . . liberty that one desires."). Accordingly, any claims concerning the grievance procedures are dismissed pursuant to Section 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See Sanders v. Gifford*, No. 9:11-CV-0326 (LEK/RFT), 2014 WL 5662775, at *4 (N.D.N.Y. Nov. 4, 2014) (dismissing claims that Parmiter refused to process prisoner's grievance as not actionable pursuant to § 1983);

### B. Eighth Amendment

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Although the Constitution does not mandate a comfortable prison setting, prisoners are entitled to 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.' " *Brown v. Doe*, No. 13 Civ 8409, 2014 WL 5461815, at *6 (S.D.N.Y. Oct. 28, 2014) (quoting, *inter alia, Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

To demonstrate that the conditions of confinement constitute cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must satisfy both an objective and subjective element. *See Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996). A plaintiff must demonstrate that (1) the conditions of confinement resulted in "unquestioned and serious deprivations of basic human needs," *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985); see also Jolly, 76 F.3d at 480, and (2) the defendants acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991).

With regard to the objective element, courts have found that "an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus." *Chunn v. Edge*, 465 F.Supp.3d 168, 200-01 (E.D.N.Y. 2020) (citing cases); *see also Jolly*, 76 F.3d at 477 ("[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease.").

With regard to the subjective element, deliberate indifference exists if an "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Initially, regarding the allegation that Defendants' disregarded "public policy," the violation of a state rule, regulation, or statute does not, on its own, give rise to a constitutional claim. *See, e.g., Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under [Section] 1983."). Morever, while courts have recognized that "conditions posing an elevated chance of exposure to an infectious disease can pose a

6

substantial risk of serious harm," *Chunn*, 465 F.Supp.3d at 200, the allegations set forth in the Complaint do not plausibly suggest that Plaintiff was confined in an environment that posed a substantial risk of transmission of COVID-19, or that Defendants ignored that risk. Plaintiff does not allege how, when, where, or for how long Defendants "interacted" with him, nor does he allege that Defendants were symptomatic. Moreover, Plaintiff does not allege that he contracted COVID-19. *See Scott v. Stiefer*, No. 6:20CV479, 2021 WL 2008810, at *4 (E.D. Tex. Apr. 15, 2021) (concluding that the "[p]laintiff's subjective fear of contracting COVID-19 is not sufficient to support a claim under the Eighth Amendment"), *report and recommendation adopted*, 2021 WL 1998796 (E.D. Tex. May 19, 2021); *see also Pike v. Cerliano*, No. 6:20CV619, 2021 WL 3704377, at *3 (E.D. Tex. Aug. 3, 2021) (dismissing prisoner's conditions-of-confinement claim based upon two instances of officials not wearing masks because "the general fear of contracting COVID-19 or that COVID-19 is spreading" is insufficient to state a claim under section 1983), *report and recommendation adopted*, 2021 WL 3700252 (E.D. Tex. Aug. 19, 2021).

As presently plead, the allegations in the Complaint are too conclusory to plausibly suggest that Plaintiff was at substantial risk of serious harm or that Defendants unreasonably or with deliberate indifference ignored that risk. *See Chunn*, 465 F.Supp.3d at 200 ("[W]hether a particular danger poses a substantial risk of serious harm in a prison must be evaluated in light of the steps that the facility has already taken to mitigate the danger."). Even assuming Defendants' response to COVID-19 was imperfect, or negligent, it is not enough to support a finding of deliberate indifference. *See Pike*, 2021 WL 3704377, at *3 (dismissing claim against jail officials who "surely know about the COVID-19 pandemic but

7

failed to protect his health and safety" because they failed to wear a mask on two occasions).

Based on the foregoing, Plaintiff's Eighth Amendment claims are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. Dismissal With Opportunity to Amend

Upon review, and with due regard for Plaintiff's status as a pro se litigant, Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In light of his pro se status, Plaintiff is afforded the opportunity to file an amended complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). In any amended complaint that Plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claims that the individuals named as defendants engaged in misconduct or wrongdoing that violated his constitutional rights. Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Plaintiff is advised that if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

**ORDERED** that if Plaintiff wishes to proceed with this action, he must file an Amended Complaint as set forth above **within thirty (30) days** from the date of the filing of this

Decision and Order; and it is further

**ORDERED** that, if Plaintiff timely files an Amended Complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if Plaintiff fails to timely file an Amended Complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(A) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order.  In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff, together with a copy of the Complaint.

IT IS SO ORDERED.

March 28, 2022
Syracuse, NY

Brenda K. Sannes
U.S. District Judge